UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Stephen Thomas Yelverton | ) | |
| 1730 North Lynn St., #A22 | ) | |
| Arlington, VA 22209 | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
|        v. | ) | Case No. 1:13-cv-00314-RWR |
| | ) | |
| Hamilton P. Fox, III | ) | |
| Assistant Bar Counsel, | ) | |
| Office of Bar Counsel | ) | |
| 515 5th St., N.W., Bldg. A, Room 117 | ) | |
| Washington, DC 20001 | ) | |
| | ) | REQUEST FOR ORAL HEARING |
| In his Individual and Official Capacity | ) | |
|  for Injunctive and Declaratory Relief, | ) | |
|  and in his Official Capacity for | ) | |
|  Monetary Damages | ) | |
| | ) | |
|     Defendants | ) | |

<u>MOTION TO WITHDRAW AS COUNSEL AND FOR ORDER WITH
RESPECT TO COUNSEL'S CLAIMS AGAINST THE OFFICE OF BAR COUNSEL</u>

COMES NOW, Plaintiff Stephen Thomas Yelverton, by his Counsel, pursuant to, LCvR, Rule 7 (a), and hereby requests permission for the undersigned Counsel to withdraw from this proceeding. This is based upon threats the Defendants, Hamilton P. Fox, III, and the Office of Bar Counsel ("Fox/OBC"), made on March 11, 2014, against the undersigned counsel that a Bar Disciplinary proceeding for Sanctions would be instituted against him for representing the Plaintiff, Yelverton, in this Federal proceeding against OBC for Constitutional violations. The threat by Fox/OBC to institute a Bar Disciplinary proceeding against the undersigned counsel for representing his client, Yelverton, would create a conflict of interest between them requiring his withdrawal.

This is <u>not</u> a procedural Motion because substantive relief is requested as to the merits of this proceeding. On March 11, 2014, Fox/OBC also stated that a Bar Disciplinary proceeding would <u>not</u> be instituted against the undersigned Counsel for other threatened Sanctions as to matters in 2009, which are the subject of a Letter, dated May 2, 2013, from OBC to undersigned Counsel, and which are the subject of Motions to Amend this Complaint, filed June 5 and July 8, 2013 (Docket Entries Nos. 11 and 15). An <u>Order</u> from the Court is requested to bind Fox/OBC to their representations that the subject matters in 2009 will <u>not</u> be prosecuted by them against the undersigned Counsel.

The following is shown.

<u>Preliminary Matters</u>

1. This proceeding remains pending before the U.S. District Court and it retains jurisdiction by virtue of the Motion to Alter or Amend per Rule 59 (e) that was filed on December 2, 2013, and has <u>not</u> been acted upon. <u>Browder v. Director Dep't of Corrections, Illinois</u>, 434 U.S. 257, 267 (1978); <u>Moore's Federal Practice 3D</u>, Section 59.32 [1] and [2], a timely filed post-Judgment Motion under FRCP, Rule 59 (e), nullifies the effectiveness and finality of the Judgment and re-opens it until action on the pending Motion under Rule 59 (e).

<u>Statement of the Facts</u>

2. On March 11, 2014, an Oral Argument was held before the District of Columbia Court of Appeals in the Bar Disciplinary matter of Yelverton in Case No. 13-BG-844. The Oral Argument was open to the public and the Courtroom was full, with many supporters of Yelverton, along with students who were observing the workings of the D.C. judicial system and taking notes of the proceeding.

   3. Fox presented the Oral Arguments for OBC. He stated that the Specification of Charges by OBC against Yelverton are for "trivial" matters, but that OBC is demanding <u>maximum</u> Sanctions against Yelverton of a prolonged and indefinite Suspension from the practice of law <u>only</u> because Yelverton had gone to the Federal Courts to seek their intervention.

   4. Fox stated that a Bar Disciplinary proceeding would be instituted against Yelverton's Counsel in this Federal proceeding because of his representation of Yelverton against OBC in the Federal Courts to seek their intervention.

   5. Fox moreover stated that a Bar Disciplinary proceeding, which was intended to be instituted against undersigned Counsel for matters in 2009, and which is the subject of a Letter, dated May 2, 2013, from OBC, and which is the subject of the Motions for Leave to Amend this Complaint, filed June 5 and July 8, 2013, would <u>not</u> be prosecuted against undersigned Counsel.

Arguments in Support of the Motion

   6. The threat by Fox/OBC to institute a Bar Disciplinary proceeding to Sanction the undersigned Counsel for representing his client, Yelverton, in the Federal Courts against OBC, has created a conflict of interest between Yelverton and undersigned Counsel, which would require the withdrawal of Counsel.  This conflict of interest is the making of OBC, and <u>not</u> of Yelverton.

   7. Unrelated to the conflict of interest created by OBC, it has represented that the Bar Disciplinary proceeding as to matters in 2009 it had intended to institute against undersigned Counsel, which is the subject of the Letter, dated May 2, 2013, from OBC, will <u>not</u> be instituted against him.

3

8.  Thus, it is requested that an <u>Order</u> be issued which would bind Fox/OBC to its representations that a Bar Disciplinary proceeding will <u>not</u> be prosecuted against undersigned Counsel, as to the matters in 2009, which are the subject of the Letter, dated May 2, 2013, from OBC.  This would moreover allow the undersigned Counsel to <u>no</u> longer need to have a legal interest in the prosecution of this proceeding as a prospective Plaintiff and claimant against OBC, with respect to the Motions for Leave to Amend the Complaint, filed June 5 and July 8, 2013.

Conclusions

WHEREFORE, in view of the foregoing, an Oral Hearing is requested to address the Issues raised herein.  A copy of the proposed Order is attached hereto, in accordance with LCvR, Rule 7 (c), (i), and (k).

This the 13th day of March, 2014,

Respectfully submitted,

By Counsel:

LAW OFFICES OF DANIEL WEMHOFF, ESQ.


_____/s/_____
Daniel Wemhoff, Esq., D.C. Bar No. 420233
4600 S. Four Mile Run, Suite 831
Arlington, VA 22204
Tel. 703-589-2199

Case 1:13-cv-00314-CRC   Document 60   Filed 03/13/14   Page 5 of 5

5

## CERTIFICATE OF SERVICE

      I, Daniel Wemhoff, Esq., Counsel for the Plaintiff, hereby certify that a copy of this Motion to Withdraw as Counsel and for Order with respect to Counsel's Claims against the Office of Bar Counsel, was served by CM/ECF on March 13, 2014, on the following:

    Paul A. Hemmersbaugh, Esq.
    Sidley & Austin, LLP
    1501 K St., N.W.
    Washington, DC 20005
    Counsel for the co-Defendants,
      Hamilton P. Fox, III, Esq., and the Office of Bar Counsel

                                                                 _____/s/_____
                                                                 Daniel Wemhoff, Esq.
                                                                 D.C. Bar No. 420233