**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| ) | Case No. 1:13-cv-00314-RWR |
| Stephen Thomas Yelverton ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Hamilton P. Fox, III ) | |
| Assistant Bar Counsel, ) | |
| Office of Bar Counsel of the ) | |
| District of Columbia Court of Appeals, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S "MOTION TO
WITHDRAW AS COUNSEL AND FOR AN ORDER WITH RESPECT TO COUNSEL'S
CLAIMS AGAINST THE OFFICE OF BAR COUNSEL."**

Pursuant to Federal Rule of Civil Procedure 60, D.C. District Court Rule 7 and other

applicable rules and law, Defendant Fox hereby responds to Plaintiff's "Motion To Withdraw as

Counsel and for an Order with Respect to Counsel's Claims Against the Office of Bar Counsel"

("Withdrawal Motion") (Doc. 60). This is the ninth post-judgment motion Plaintiff has filed

after the Court officially closed the case more than four months ago. Like the prior post-

judgment motions, the Withdrawal Motion is meritless, and needlessly consumes the resources

of the  Court, and Defendant. Here, Plaintiff and his counsel go even further by mis-stating the

record in another proceeding without even providing any evidence they contend would support

those factual mis-statements. Plaintiff is entitled to his own opinions, but he is not entitled to his

own facts. The Withdrawal Motion is factually and legally erroneous, and moot in any event.

The Court should summarily deny all of the post-judgment motions filed by Plaintiff and direct

Plaintiff not to make any further filings in this closed matter without the Court's prior approval.

Defendant Fox takes no position on Plaintiff's counsel's desire to withdraw as counsel. Defendant observes that this case has been closed for nearly five months and therefore whether Plaintiff has counsel in that closed matter would appear to be both an oxymoron and inconsequential. Similarly, the request of counsel to Plaintiff to withdraw as a party to this case is both unripe and moot. It is unripe because Plaintiff's counsel Wemhoff was never a party to this case (although one of the numerous motions to amend the Complaint requested that Wemhoff be joined as a party). It is moot because this case has been closed for several months and has not been reopened.

Although Plaintiff's allegations about statements made in oral argument in a proceeding before the D.C. Court of Appeals ("DCCA") provide no legal basis for the relief he seeks in the Withdrawal Motion before this Court, the substance of those allegations requires a brief response. *First,* Plaintiff alleges that counsel for OBC represented to the DCCA—at a March 11, 2014 oral argument regarding Plaintiff's appeal of disciplinary sanctions against him – that "a Bar Disciplinary proceeding for Sanctions would be instituted against [Plaintiff's counsel] for representing the Plaintiff, Yelverton, in this Federal proceeding." Withdrawal Motion at 1 (citing no evidence or support). Although there is no written transcript of the referenced oral argument, review of the audio recording of that argument shows that Defendant (OBC counsel) made no such representation. While Defendant responded to questions about an unrelated disciplinary investigation of Plaintiff's counsel, there was no statement *either* that (i) a disciplinary proceeding definitely would be brought against Mr. Wemhoff by OBC; or (ii) that the basis for OBC's disciplinary investigation of Mr. Wemhoff was his representation of Plaintiff Yelverton in this (closed) federal court action. These allegations are demonstrably false, and if Plaintiff or his counsel actually had a good faith belief or understanding that Defendant or OBC

had made such representations to DCCA, they were obliged to review the record of the argument to attempt to confirm their understanding *before* making false and unsupported allegations.

*Second,* Defendant Fox did not state in oral argument that OBC is demanding "<u>maximum sanctions</u>" against Yelverton "<u>only</u> because Yelverton had gone to the Federal Courts to seek their intervention." *See* Withdrawal Motion ¶¶ 3-4.  In the first instance, Yelverton knows that OBC did not seek or obtain the "maximum" available disciplinary sanctions against him. Moreover, review of the oral argument transcript confirms that Defendant did not state that OBC sought disciplinary sanctions only (or even primarily) because Yelverton sought to remove the disciplinary proceeding to federal court.  Again, Plaintiff apparently preferred to make false and unsupported allegations instead of reviewing the oral argument record.  Had Plaintiff done so, he would have determined that his "recollection" of the argument was, at best, materially erroneous.

*Third,* Defendant Fox did not represent in oral argument before the DCCA that OBC necessarily would not pursue disciplinary charges against Mr. Wemhoff based on his conduct in an unrelated matter in or about 2009.  *See* Withdrawal Motion ¶¶ 5, 7-8.  What Mr. Fox did advise the DCCA in response to a question was that he understood there was an OBC investigation conducted by another OBC lawyer concerning Mr. Wemhoff and his prior conduct. Mr. Fox is not responsible for that investigation or any disciplinary proceeding that might result. Appropriately, Fox did not make any representation to the DCCA about OBC's final position as to whether or how any potential disciplinary action against Mr. Wemhoff would proceed.[1]

---

[1] DCCA oral arguments in lawyer discipline appeals generally are not transcribed.  Should the Court wish to review the DCCA oral argument recording, however, Defendant could provide a copy to the Court or request that the DCCA provide a copy.

Thus, there is no factual or evidentiary basis for the predicate allegations of Plaintiff and his counsel in the Withdrawal Motion.  Absent any such support, the Motion provides no basis for the relief it seeks.  This alone would be sufficient reason to deny the Motion.

Further, Plaintiff provides no legal authority or argument to support his requested relief. The Motion presents no authority to support the notion that a statement of counsel in an appellate argument before a "state" court, without more, has determinative effect on claims asserted in federal court by a person not a party to either the state court proceeding or the federal court proceeding.  Further, because counsel Wemhoff is not a party to this action, the Court has no basis to issue an order deciding his rights or obligations.  Nor does the Motion provide any authority to support the other relief it requests.  Thus, even assuming solely for the sake of discussion that the false allegations of the Motion were accurate, the Motion fails to make a cognizable legal argument for the relief it seeks.  Both factually and legally, the Motion fails utterly.

Defendant Fox does not take a position as to whether Plaintiff's counsel should be allowed to withdraw from this action.  The arguments of the Motion itself provide no basis for withdrawal.  However, because the Court disposed of the case on the merits and closed the file nearly five months ago, it may be that Yelverton's counsel does not require this Court's permission to "withdraw" as there is neither a live case nor an appeal presently pending.  In sum, although Plaintiff and his counsel seem willing to go to great lengths—forsaking both judgment and candor—to attempt to prolong this case, this Court issued a final order and closed this case on November 1, 2013.  Continued filing of futile and vexatious motions and pleadings in this matter disregards the Court's final order and wastes public resources.  Defendant Fox renews his

request that the Court order Plaintiff not to make further filings in this matter unless he obtains

prior approval of the Court.

**Dated:  March 25, 2014**

Respectfully Submitted,

  /s/  Paul A. Hemmersbaugh

Paul A. Hemmersbaugh, SBN 445420
SIDLEY AUSTIN, LLP
1501 K Street, N.W.
Washington, D.C.
20005
(202) 736-8000

*Attorney for Defendant Hamilton P. Fox III*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S "MOTION TO WITHDRAW AS COUNSEL AND FOR AN ORDER WITH RESPECT TO COUNSEL'S CLAIMS AGAINST THE OFFICE OF BAR COUNSEL."** was served on counsel for Plaintiff via operation of the Court's CM/ECF system on March 25, 2014.

      /s/ Paul Hemmersbaugh
Paul A. Hemmersbaugh, SBN 445420
SIDLEY AUSTIN, LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

*Attorney for Defendant Hamilton P. Fox, III*