UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**STEPHEN THOMAS YELVERTON,**     )
                              )
       **Plaintiff,**            )
                              )
       v.                       )   Civil Action No. 13-314 (RWR)
                              )
**HAMILTON P. FOX, III,**          )
                              )
       **Defendant.**            )
_____)

## MEMORANDUM ORDER

    Plaintiff Stephen Yelverton has filed an amended four-count complaint against Hamilton Fox, III, in his capacity as the assistant bar counsel of the Office of Bar Counsel of the District of Columbia Court of Appeals ("OBC"), seeking, among other things, an injunction that would halt an ongoing disciplinary proceeding before the District of Columbia Court of Appeals' Board of Professional Responsibility ("BPR") that could result in a temporary suspension of Yelverton's ability to practice law in the District of Columbia.  Fox moved to dismiss, arguing that, among other things, this Court should exercise equitable restraint by dismissing this case to avoid interfering with an ongoing District of Columbia court proceeding.  Fox's motion to dismiss was granted by a Memorandum Opinion and Final Order on November 1, 2013.  See Yelverton v. Fox, Civil Action No. 13-314 (RWR), 2013 WL 5876359, at * 3-4 (D.D.C. November 1, 2013).

-2-

Yelverton has moved for, among other things, reconsideration the November Opinion based on arguments that he has raised previously. See, e.g., Pl.'s Mot. to Amend, ¶¶ 17-18, 55-57. Motions for reconsideration are "disfavored" and "granting . . . such a motion is . . . an unusual measure[.]" Cornish v. Dudas, 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (internal quotation marks omitted) (citing Kittner v. Gates, 783 F. Supp. 2d 170, 172 (D.D.C. 2011); see also Wright v. FBI, 598 F. Supp. 2d 76, 77 (D.D.C. 2009)). "[T]he moving party bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." Schoenman v. FBI, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)). In his motions for reconsideration, Yelverton has engaged in precisely the behavior that is disfavored in this circuit; rearguing facts and theories that have already been ruled upon, and presenting theories or arguments that were, or could have been, advanced earlier. A motion for reconsideration is not designed to allow parties to present theories or arguments that were raised, or could have been raised, previously. Fund For Animals v. Williams, 311 F. Supp. 2d 1, 5 (D.D.C. 2004) (citing Kattan ex rel Thomas v. Dist. of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993)); see also Cornish v. United States, 934 F. Supp. 2d 105, 108 (D.D.C. 2013) (stating that motions for reconsideration "may not be used to

-3-

relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"). Therefore, it is hereby

ORDERED that the plaintiff's motions [46], [49], and [53] for reconsideration be, and hereby are, DENIED. It is further

ORDERED that the plaintiff's motions [56], [60], [63] be, and hereby are, DENIED as moot.

SIGNED this 30th day of September, 2014.

                                                        /s/
                                      RICHARD W. ROBERTS
                                      Chief Judge