UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stephen Thomas Yelverton | ) Case No. 1:13-cv-00314-RWR )  ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| Hamilton P. Fox, III<br>Assistant Bar Counsel,<br>Office of Bar Counsel of the<br>District of Columbia Court of Appeals, | ) ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S RESPONSE MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S "MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL"**

Pursuant to 28 U.S.C. 1915, Federal Rule of Appellate Procedure 24(a) and other applicable rules and law, Defendant Fox hereby responds to Plaintiff's "Motion To Proceed In Forma Pauperis on Appeal."[1] (Doc. 66). This is at least the eleventh post-judgment motion Plaintiff has filed after the Court officially closed the case more than a year ago. Plaintiff Yelverton is a serial abuser of the legal process in this Court – both in this case and in numerous other cases pending before other judges of this Court -- and his request to be allowed to proceed with a frivolous appeal without paying standard court fees should be denied. Excusing Plaintiff from paying a filing fee and allowing him to proceed *in forma pauperis* would facilitate his continued abuse of the federal judicial process and waste of the resources of the federal judiciary

---

[1] Plaintiff Yelverton filed the Motion with a Notice of Appeal of the judgment of this Court to the Court of Appeals for the District of Columbia Circuit. That Court, in turn, referred the Motion to this Court for disposition.

and the D.C. Office of Bar Counsel.[2]  If Plaintiff seeks to continue this meritless, duplicative, and harassing litigation through an ill-advised appeal, at the very least he should be required to pay standard filing fees and other costs.

> **The Court Should Deny The IFP Motion Based On Yelverton's Serial Abuse Of This Court's Process And of The Privilege Of Proceeding *In Forma Pauperis,* And The Court's Rulings Denying Him IFP Status.**

Contrary to Plaintiff's impression, he is not "entitled" to a waiver of filing fees or to proceed *in forma pauperis* on appeal.  Rather, this Court "*may authorize*" a party to proceed in an appeal without paying the standard court fees, including a filing fee.  *See*  28 U.S.C. 1915(a) (emphasis added).  IFP status is a privilege, not a right, and whether to grant that status is a matter of judicial grace that rests in the discretion of the Court.  *See, e.g., Hurt v. Social Security Administration,* 544 F.3d 308 (D.C. Cir. 2008).  Both this Court and the D.C. Circuit exercise discretion to "deny or revoke th[e IFP] privilege for abusive litigants, looking to the number, content, frequency, and disposition of their previous filings." *Id.*  As demonstrated below, Plaintiff's abusive and vexatious litigation tactics in this Court strongly militate against granting him IFP status on appeal. *See, e.g., Yelverton v. Senyi De Nagy-Unyom,* D.D.C. No. 13-cv-74 (RLW), Memorandum Opinion at 10-30 (Nov. 27, 2013) ("*De Nagy-Unyom"*) (denying Yelverton's motion for waiver of filing fee and IFP status based upon his history of "abuse[ of] the privilege of filing IFP."); *see Butler v. Department of Justice,* 293 F.3d 440, 446 (inquiry to determine whether to deny IFP motion is whether the movant "has abused a special privilege of the court to such an extent that the privilege should not be extended to him [in the present instance]").

---

[2] It is not clear that Plaintiff is even authorized to file and prosecute an appeal with the D.C. Circuit, even if he pays the filing fee.  That Court suspended Yelverton from the practice of law before it several months ago.  *See Order, In re Yelverton,* D.C. Circuit No. 13-8520 (Feb. 19, 2014).  But for the fact that Mr. Yelverton seeks to represent himself *pro se* in the appeal, there would be no question that he would be barred from appearing before the D.C. Circuit in an appeal.

At the same time Plaintiff has been pursuing this collateral attack on the D.C. Court of Appeals disciplinary proceeding, he has also filed numerous cases in this Court related to his disputes with family members, lawyers for other parties, and his personal bankruptcy. Indeed, Plaintiff has a well-documented history of vexatious litigation. Less than a year ago, another Judge of this Court described Yelverton's recent vexatious litigation in this Court alone. *See De Nagy-Unyom,* D.D.C. No. 13-cv-74 (RLW), Memorandum Opinion at 7-30 (noting that in less than four years, Yelverton had filed 38 cases and approximately 151 motions in this Court and the D.C. Circuit; of those 151 motions, only 3 substantive motions were decided in his favor). As the Court concluded in denying Yelverton's IFP motion last November, Yelverton is an "abusive filer," who "seems to enjoy filing multiple motions in the same lawsuit that essentially seek the same result"). In a related case, the Court ordered Yelverton not to file further documents without leave of Court. *See In re Yelverton,* 12-cv-1539 (RLW). When Yelverton repeatedly violated that order, Judge Wilkins issued a further order warning: "Given the toll his conduct has taken on the Court and his opposing parties, as well as his apparent failure to understand the consequences of his actions, the Court hereby warns [Yelverton] that further abuses may result in sanctions, including dismissal with prejudice." *See id.*, Order at 2 (Jan. 9, 2014). Disregarding the Court's orders and warnings, Yelverton then proceeded to file five more reconsideration motions in direct violation of those orders. The Court struck all of those motions for violation of its orders. *See id.,* Minute Order (D.D.C. June 2014).

More recently, another Judge of this Court issued an injunction prohibiting Yelverton from filing "any new civil action in this Court" without first seeking leave of the Court in a separate motion. *See Yelverton v. Webster et al,* No. 1:13-cv-1544 (CRC) (D.D.C. Aug. 6, 2014) (copy attached as exhibit hereto). The Court also prohibited Yelverton from filing any further submissions in his pending bankruptcy appeals without prior leave of the Court. *See id.* at 9.

3

The *Webster* Court cited the present case as a "particularly striking example of [Yelverton's] penchant for abusive filings." *See id.* at 5. Concluding that a filing injunction was necessary, the Court stated with respect to Mr. Yelverton:

> In response to a litigant who seeks to flood the courts with meritless claims and filings, the Court "has an obligation to protect and preserve the sound and orderly administration of justice. . . . [and] may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice."

*Yelverton v. Webster,* slip op at 4.

In addition to the foregoing history, the "number, content, frequency, and disposition of [Yelverton's] previous filings" compels denial of his request for IFP status. *See Hurt,* 544 F.3d at 214; *Butler,* 492 F.3d 440, 445 (D.C. Cir. 2007). Plaintiff filed and has pursued the instant baseless and vexatious lawsuit with little regard for the truth, governing law, the rules of this Court or the resources of the parties and the Court. His filings have been numerous, repetitive, and filled with reckless and unsupported allegations. To date, Yelverton has filed at least nine complaints and twenty-four motions, *none* of which were granted.

The lawsuit itself is barred as a matter of law by prior decisions of this Court that preclude relitigation of this matter. The suit also is an undisguised collateral attack on an ongoing state lawyer disciplinary proceeding before the District of Columbia Court of Appeals. Attempting to forestall that proceeding through this case, Plaintiff has filed numerous pleadings and motions with this Court lacking basis in fact or law – including motions to enjoin the D.C. Court of Appeals disciplinary proceeding against him—and making wild, unsupported, and internally contradictory allegations. But as this Court recognized in dismissing this case more than a year ago (and in dismissing Yelverton's first collateral attack on the same D.C. Court of Appeals disciplinary proceeding three years ago, *see In re Yelverton,* No. 1;11-mc-0669-UNA

4

(D.D.C. Dec. 6, 2011)), this state court disciplinary dispute does not belong in federal court.[3] Although it is not necessary to discuss the merits of Plaintiff's individual claims in this case, Defendant Fox has also demonstrated that those claims are baseless and unavailing. *See, e.g.,* Memorandum in Support of Defendant's Motion to Dismiss (April 25, 2013) (Doc. 5); Defendant's Reply to Opposition to Motion to Dismiss (May 20, 2013) (Doc. 7).

Eleven months after the Court dismissed and closed this case, it was forced to rule on the numerous post-dismissal motion filed by Yelverton during that time. *See* Memorandum Order, *Yelverton v. Fox,* No. 13-314 (RWR) (September 30, 2014). Addressing Yelverton's multiple reconsideration motions, the Court found that "Yelverton has engaged in precisely the behavior that is disfavored in this circuit; rearguing facts and theories that have already been ruled upon, and presenting theories or arguments that were, or could have been, advanced earlier." *Id.* at 2. Now, exactly a year after this Court dismissed and closed the case in the first instance, Mr Yelverton seeks to appeal that dismissal.

In this action, in his numerous other actions in this Court, and in his actions in other courts, Plaintiff Yelverton has clearly abused the judicial process, opposing parties, and lawyers for opposing parties. His abuse has been pervasive and repetitive and has wasted the resources of this Court and parties appearing before it. Because of Yelverton's abusive litigation conduct, other judges of this Court have already enjoined Mr. Yelverton from filing new cases, new motions, or other submissions without advance leave of the Court. His conduct in this case has been vexatious and abusive in pursuit of claims that are both frivolous and have already been

---

[3] Mr. Yelverton appealed this Court's dismissal of his prior collateral attack all the way to the U.S. Supreme Court. *See Yelverton v. D.C. Office of Bar Counsel,* No. 12-5352 (U.S. Oct. 1, 2012). If he seeks to repeat that wasteful and meritless crusade in this duplicative case, he should at least be required to pay the standard fees and costs required of all litigants, including those who have meritorious arguments.

decided.  While Yelverton may have a right to appeal this Court's decisions, he has no right to abuse the process and no right to proceed *in forma pauperis*.  If Yelverton wishes to exercise his rights, he should be required to fulfill the corresponding responsibilities.  Allowing him to proceed without paying the filing fee that applies to all litigants would excuse him from complying with his responsibilities and obligations and may encourage him to continue his irresponsible, unreasonable, and wasteful course of conduct.  The IFP motion should be denied.

**Dated:  November 14, 2014**

                                          Respectfully Submitted,

                                            /s/  Paul A. Hemmersbaugh
Paul A. Hemmersbaugh, SBN 445420
SIDLEY AUSTIN, LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

*Attorney for Defendant Hamilton P. Fox III*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S "MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL"** was served on counsel for Plaintiff via operation of the Court's CM/ECF system on November 14, 2014.

    /s/ Paul Hemmersbaugh
Paul A. Hemmersbaugh, SBN 445420
SIDLEY AUSTIN, LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

*Attorney for Defendant Hamilton P. Fox, III*